80 601
s184s613

## John W. Young et al. v. J. B. Carey et al.

1. MANDAMUS—*The Right to the Writ Must be Clear.*—A relator must show a clear right before relief will be granted by the court in a proceeding by mandamus. If the right be doubtful or uncertain the court will not interpose.

2. SAME—*Performance of a Public Duty.*—Where the performance of a duty by a public officer is discretionary and depends upon the exercise of his judgment as to its necessity or propriety, the court will not interpose to determine how or when he shall exercise the power, but will

leave him in the free exercise of his discretion to act or not as he deems proper.

3. Same — *Changing the Boundaries of Villages.* — Whether the boundaries of a municipality should be enlarged or contracted is not a question of law or fact for judicial determination, but purely a question of policy to be determined by the legislative department.

4. Same—*Does Not Lie to Compel the Trustees of a Village to Alter its Limits.*—The writ of mandamus will not lie to compel the board of trustees of an incorporated village to pass an ordinance disconnecting certain territory when the board had previously decided against disconnecting the territory in question.

**Petition for Mandamus.**—Trial in the Circuit Court of Montgomery County, on demurrer to answer; the Hon. Samuel L. Dwight, Judge, presiding. Finding and judgment for respondents; appeal by relator. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 11, 1899.

Howett & Jett and J. M. Baker, attorneys for appellants, contended that the statutory discretion must be exercised for the public good, and should be controlled by judgment and not by passion or prejudice. When a discretion is abused and made to work an injustice it is admissible that it shall be controlled by mandamus. Village of Glencoe v. The People, 78 Ill. 388.

The word *may* means *shall* whenever the rights of the public or a third person depend upon the exercise of the power of performance of a duty to which it refers. James v. Dexter, 112 Ill. 491.

The petition for mandamus in the case of Brokaw v. Commissioners, 130 Ill. 491, brought under section 71 of the Road and Bridge Law, which is apparently discretionary and contains the word *may*, the court in the opinion said:

When a discretion is abused and made to work an injustice, it is admissible that it shall be controlled by mandamus. See also Gillinwater v. Railroad Co., 13 Ill. 4.

If a discretionary power is exercised with manifest injustice, the courts are not precluded from commanding its duty exercised. They will interfere where it is clearly shown that the discretionary power is abused. Such abuse of discretion will be controlled by mandamus. A public

officer or inferior tribunal may be guilty of so gross an abuse of discretion or such an evasion of positive duty as to amount to a virtual refusal to perform the duty enjoined, or to act at all in contemplation of law; in such a case mandamus will afford a remedy. Dental Examiners v. The People ex rel., 123 Ill. 241, citing Tapping on Mandamus, 66–19; Wood on Mandamus, 64; Com'rs of Poor v. Lynan, 2 McCord (S. C.), 170; The People v. Perry, 13 Barb. 206; Arberry v. Beavers, 6 Texas, 457.

The word *may*, or *shall*, when used in the statute, may read interchangeably, as may best express the legislative intention. The rule adopted by this court is, the word *may* means *must*, or *shall*, only in cases where public interests and rights are concerned, and the public or third persons have a claim *de jure*, that the power shall be exercised. Fowler v. Pirkins, 77 Ill. 271.

Where the petition clearly shows that the petitioner has a personal interest in the thing he seeks to compel the respondents to do—that he has been injured in his personal interests by the refusal of the defendants to do a duty imposed upon them by law, which is in their power to do or perform, and he has a clear legal right to have the act done, mandamus will lie. People ex rel. v. Masonic B. Ass'n, 98 Ill. 637; North v. Trustees, etc., 137 Ill. 296; High on Extraordinary Remedies, Sec. 431.

The legislature can not delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. Locke's Appeal, 72 Pa. St. 491; quoted with approval in the Stratton case, 162 Ill. 494–502.

In construing a new statute, on any subject, it is proper to consider it with reference to the state of the law before its adoption, and the previous legislation on the same subject. Wright v. People, 101 Ill. 126; Wabash, St. L. & P. Ry. Co. v. Binkert, 106 Ill. 298.

It is a familiar rule that statutes should be so construed that effect may be given to all of their provisions, so that

no part will be inoperative or superfluous. I. C. R. R. Co. v. City of Chicago, 138 Ill..453.

Under section 1 of the act of 1872, the conditions on which territory may be annexed to a village are : A petition in writing therefor, signed by three-fourths of the voters, and the owners of three-fourths (in value) of the property, etc., and that the territory to be annexed shall be contiguous to the village, and not embraced within its limits. When these facts exist, the board may, by ordinance, annex the territory, which ordinance is to be recorded. The legislature has not invested the board of trustees with any discretionary power to determine whether the annexation is expedient or not, but has itself determined in advance, that the existence of the facts stated settles the question of the advisability of the annexation. The village board is authorized to find the facts that the territory is contiguous to the village, and that the petition is signed by the proper number of voters and owners. Whittaker v. Village of Venice, 150 Ill. 195–202.

LANE & COOPER, attorneys' for appellees.

Where a subordinate body is vested with power to determine a question of fact the duty is judicial, and though it can be compelled by mandamus to determine the fact, it can not be directed to decide it in a particular way, however clearly it be made to appear what the decision ought to be. County of St. Clair v. The People ex rel., 85 Ill. 396; People ex rel. v. McCormick, 106 Ill. 184; People ex rel. v. Dental Examiners, 110 Ill. 180; People ex rel. v. Commissioners of Highways, 118 Ill. 239; North v. Trustees of the University of Illinois, 137 Ill. 296; Hildreth v. Heath, 1 Ill. App. 82. People ex rel. v. Commissioners of Highways, 32 Ill. App. 164; People ex rel. v. Trustees of Schools, 42 Ill. App. 60.

The office of the writ of mandamus is, in general, to compel the performance of mere ministerial acts prescribed by law. It lies, however, also to subordinate judicial tribunals, to compel them to act where it is their duty to act, but never to require them to decide in a particular manner. It

is not, like a writ of error or appeal, a remedy for erroneous decisions. Judges of Oneida Common Pleas v. People, 18 Wend. 92; People ex rel. v. Common Council of Troy, 78 N. Y. 33.

" Where the performance of an act depends upon the previous formation of an opinion as to its necessity, the exercise of decretion must, of course, be involved." People v. Commissioners of Highways, 118 Ill. 245.

The office of the writ of mandamus, when directed to subordinate tribunals exercising judicial or discretionary power, is to compel them to act, where it is their duty to act, but never to compel them to decide in a particular manner. Mandamus will not lie to compel it; and where it is an end which may be attained in different ways, by different means not specifically prescribed by law, it will not lie as to the ways and means, but only as to the end. So when the duty enjoined is simply to act or decide upon a particular case arising, it will lie to compel action or decision, but not its character or effect, how they shall act, or what they shall do, their decision being discretionary; and where the duty claimed arises only upon a condition of fact to be found, and no other person, officer or tribunal is designated to find it, the authority to determine the question of its existence rests with the one charged with the duty so conditioned, and until the condition is so found, the duty prescribed can not be compelled. * * * People v. Commissioners of Highways, 32 Ill. App. 164.

Without a clear expression on their part, it is not to be presumed that the legislature intended to make it imperative. We find in the statute no such expression, and are of the opinion they have not so made it. Mandamus, therefore, will not lie to compel its performance. St. Clair County v. The People, 85 Ill. 396.

A subordinate body can be required to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The trustees, being vested with the power to determine whether the sureties on a treasurer's bond are sufficient, will not, by mandamus, be compelled to decide

that they are. See cases cited. People v. Trustees of Schools, 42 Ill. App. 60; People v. Davis, 93 Ill. 134.

Mr. Justice Wright delivered the opinion of the court.

Appellants filed their petition for a peremptory writ of mandamus to require appellees, as members of the board of trustees of the village of Donnellson, to pass an ordinance to disconnect certain described territory from the boundary of the village. Appellees answered the petition, claiming the powers conferred upon them by the statute as a board of trustees of such village in respect to the disconnection of territory was discretionary, and they as such board having, upon proper application to them, refused to disconnect such territory, were not subject to control by judicial proceedings, and denied the petitioners' right to the writ of mandamus. A demurrer was interposed to the answer, which was by the court overruled, whereupon, appellants abiding by their demurrer, final judgment was given against appellants refusing the mandamus and for costs, from which they have appealed to this court, and have assigned such action of the court for error, by which they seek a reversal of such judgment.

It was held in City of Galesburg v. Hawkinson, 75 Ill. 152, that an act of the legislature, so far as it attempts to confer power upon the courts to change the boundaries of municipal bodies by annexing or disconnecting territory, is unconstitutional, such acts being in their nature legislative, and not judicial acts; the power can not be either legislative or judicial, as the legislature may be disposed to retain it, or surrender it to the judiciary. If the boundaries of municipal corporations can be altered or changed by the legislature at discretion, and the authorities are to that effect, then the courts can not be invested with such power, as it is legislative power.

In Whittaker v. Village of Venice, 150 Ill. 196, it was sought by the common law writ of certiorari to review the proceedings of the village board by which certain territory had been annexed to the village and its boundaries thereby

enlarged, and it was there held that the action of the trustees in passing the ordinance of annexation was legislative in its character; whether the boundaries of a city or village should be enlarged or contracted is not a question of law or fact. for judicial determination, but purely a question of policy to be determined by the legislative department.

From the authorities we have cited, it conclusively follows that the acts of the board of trustees sought to be coerced by the proceedings herein, are of a legislative character, the performance of which is exclusively within its province to decide.   Had the board refused to act no doubt mandamus would lie to compel action, but in no event could the nature of its decision be controlled.   Having decided against disconnecting the territory in question, no power or necessity existed for the interposition of the court, and its judgment will be affirmed.

Judgment affirmed.