# THE CITY OF GALESBURG

## *v.*

## OLOF HAWKINSON *et al.*

1. TAXATION — *uniformity* — *withdrawing territory from municipality.* Inasmuch as all taxable property within the limits of municipal corporations must be taxed, on the basis of uniformity as to persons and property, for the payment of municipal indebtedness, the withdrawal of any real estate from the jurisdiction of such taxation, where a given sum is to be raised, to that extent increases the burden of taxation on the property remaining within the corporate limits, and as all such indebtedness is presumably incurred for the equal benefit of every part of the municipality, such withdrawal would be, in itself, an injustice to the remaining tax-payers, unless attended with some corresponding benefit to the municipality.

2. CONSTITUTIONAL LAW — *law imposing legislative power and duty on courts.* The act entitled "An act to provide for annexing and excluding territory to and from cities, towns and villages," approved April 10, 1872, so far as it attempts to confer power upon the courts to change the boundaries of such municipal bodies, by annexing or disconnecting territory, is unconstitutional, such acts being in their nature legislative and not judicial acts.

3. The same power cannot be either legislative or judicial, as the legislature may be disposed to retain it, or surrender it to the judiciary. If the boundaries of municipal corporations can be altered and changed by the legislature at discretion, and the authorities are to that effect, then the courts cannot be invested with such power, as it is legislative power.

1874.]  THE CITY OF GALESBURG *v.* HAWKINSON *et al.*  153

Statement of the case.  Opinion of the Court.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a petition by Olof Hawkinson and others, filed in the circuit court, to have their lands within the corporate limits of the city of Galesburg, disconnected therefrom by a decree of court. The city and several citizens having an interest in the matter appeared, and resisted the relief sought. The court below decreed according to the prayer of the petition, and the defendant below appealed.

Messrs. MILLER & FROST, for the appellants.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The eighth section of "An act to provide for annexing and excluding territory to and from cities, towns and villages, and to unite cities, towns and villages," approved April 10, 1872, and in force July 1, 1872, (2d Gross, 64) provides that whenever a majority of the legal voters of any territory within any city, town or village, and being upon the border and within the boundary thereof, shall petition the circuit court of the county in which such city, town or village is situated, praying to be disconnected therefrom, such petition shall be filed with the clerk of the court, at least ten days before the first day of the term at which it is proposed to be heard, and like proceedings shall be had as is required by secs. 4, 5 and 6 of the act for the annexation of territory to such city, town or village, provided that the provisions of this section shall only apply to lands not laid out into city or town lots or blocks.

Section 4 prescribes how a petition to enlarge the boundaries of any city, town or village shall be presented to the circuit court, what notice shall be given, etc., and secs. 5 and 6 are as follows:

"§ 5. The legal voters, resident upon the territory thus proposed to be annexed, or any of them, or any owner of land

20 — 75TH ILL.

therein, or any voter of such city, village or town, may appear at such hearing and show cause why such annexation should not be made ; and the court, or a jury impanneled for that purpose (no member of the jury so impanneled shall be a resident of the corporation or territory to be annexed, nor of the town or towns in which said corporation or territory may be situated) shall hear all competent evidence that may be offered by either party ; and the court may continue the hearing, from time to time, for any cause, and make all proper orders in regard to the hearing, giving of notices, and other disposition of the case."

" § 6. If, upon the hearing, the court or the jury shall find that such territory ought to be annexed to such city, village or town, and can be so done without injustice to the inhabitants or persons interested, the court shall so order.   If the court or the jury shall find against the petitioner, the petition shall be dismissed at the costs of the petitioner, and no subsequent petition shall be presented for the annexation of any of the territory embraced in such petition, within one year from the time of entering such order, provided that new trials may be granted, as in other jury cases."

The petition of appellees sets forth that the petitioners reside in, and are a majority of the legal voters of the territory described in the petition, situate within and upon the border and within the boundary of the city of Galesburg, containing 520 acres, &c. ; that a portion of the petitioners therein named claim to own and do possess and control part of the territory described in the petition, and desire to be and are made petitioners, and that no part of the land therein described is now, or ever has been laid out in town or city lots or blocks.   The prayer is, that the territory in the petition described may be disconnected from the city of Galesburg.

Answer and replication were filed, and the cause was submitted to a jury, who returned a verdict as follows : " We, the jury, find for the petitioners."   Motion for new trial was made by defendants, which the court overruled and proceeded to render a decree on the verdict, disconnecting the property described

in the decree from the city of Galesburg, and changing and reducing its corporate limits to that extent.

It is set up by the answer, and conceded in argument by appellees, that the city of Galesburg has an outstanding bonded indebtedness, bearing interest, to the amount of $90,000, contracted while the property disconnected from the city by this decree was within its corporate limits. Inasmuch as all taxable property within the limits of such corporation must, under our constitution, be taxed, on the basis of uniformity as to persons and property, for the payment of municipal indebtedness, it is plain that the withdrawal of any real estate from the jurisdiction of such taxation, where a given sum is to be raised, to that extent increases the burden of taxation on the property remaining within the corporate limits. Considering that all corporate indebtedness is presumably incurred for the equal benefit of every part of the municipality, this is, in itself, an injustice to the remaining tax payers, unless the act of disconnecting the property is attended with some corresponding benefit to the municipality.

If we were to give effect to the statute, its language could not be disregarded. Being in derogation of the common law, it should be construed strictly, and the city, and others interested, might properly insist that nothing should be taken in favor of the petitioners by intendment merely. The verdict of the jury would, therefore, seem to be entirely insufficient to warrant the decree which was rendered. The statute is susceptible of no other construction than that the court or jury trying the case shall find whether the territory ought to be disconnected, and, if so, whether it can be so done without any injustice to the inhabitants or persons interested therein. This verdict determines nothing in these respects. It is "for the petitioners," and nothing more. We do not think this was comprehensive enough to justify the decree.

But we conceive that the proceeding is liable to a still graver objection.

By article three of our constitution, "the powers of the gov-

ernment of this State are divided into three distinct departments — the legislative, executive and judicial; and no person or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

Dillon says, in his work on Municipal Corporations, sec. 9, "Municipal corporations are bodies politic and corporate, and established by law, to share in the civil government of the country, but chiefly to regulate and administer the local or internal affairs of the city, town, or district which is incorporated. Like other corporations, they must be created by law. They possess no powers or faculties not conferred upon them, either expressly or by fair implication, by the law which creates them, or other statutes applicable to them. Persons residing in or inhabiting a place to be incorporated, as well as the place itself, are — both *the persons* and *the place* — indispensable to the constitution of a municipal corporation." And again in sec. 124, " Because residence within the corporation confers rights and imposes duties upon the residents, and the local jurisdiction of the incorporated place is, in most cases, confined to the limits of the corporation, it is necessary that these limits be definitely fixed. They are established by legislative authority. The power to incorporate a place necessarily includes the power to fix and change its boundaries."

The boundaries of the city of Galesburg are defined by its charter and amendments thereto, and any change in those boundaries must necessarily contract or enlarge the sphere of its municipal jurisdiction, and, therefore, constitute, so far, an amendment of its charter. That the legislature may delegate authority to a municipal corporation to make changes in its boundaries, does not affect the principle we claim to be applicable here, for, in such cases, the municipality acts through its legislative authority; nor is it necessary to inquire how far a law may, in its application to persons, or things, be made to depend on prescribed conditions. The attempt here is to invest the judiciary with power, not merely to determine

whether certain prescribed conditions upon which the law is to take effect, exist, but whether as to a certain locality there ought to be a change in the existing law on a particular subject, and if in the opinion of the court the change ought to be made and injustice will not be done thereby, it is empowered to make it. Wherein would the principle be different if the legislature had authorized the circuit court to receive the petition of a certain number of citizens of any incorporated city, town or village, to lay out and improve certain streets, or to prohibit domestic animals from running at large within the corporate limits, and hear evidence on the subject, and if it should find that the streets ought to be laid out and improved, or domestic animals should be prohibited from running at large, and no injustice would be done thereby, to render a decree to that effect? We see none; and yet it is too patent to admit of illustration that this would be legislative, and not a judicial determination. Whether cities, towns or villages should be incorporated, and, if incorporated, whether enlarged or contracted in their boundaries, presents no question of law or fact for judicial determination. It is purely a question of policy, to be determined by the legislative department. In the language of WOODBURY, J., in *Merrill* v. *Sherburne*, 1 N. H. 204, " a marked difference exists between the employment of judicial and legislative tribunals. The former decide upon the legality of claims and conduct, and the latter make rules upon which, in connection with the constitution, those decisions should be founded. It is the province of judges to determine what is the law upon existing cases. In fine, the law is applied by the one, and made by the other. To do the first, therefore, to compare the claims of parties with the law of the land before established, is in its nature a judicial act. But to do the last, to pass new rules for the regulation of new controversies, is, in its nature, a legislative act."

It is of the essence of a judicial determination that it shall, so long as unreversed, and not vacated, be conclusive as to the matters involved in the controversy; but it must be admitted

that the legislature might, after this decree was rendered, have reversed the decision of the court by fixing, by statute, the boundaries of the city differently from those declared by the decree.

The proposition, to our minds, may be reduced within a very small compass.   The same power cannot be either legislative or judicial, as the legislature may incline to retain it, or surrender it to the judiciary.   If the boundaries of municipal corporations can be altered and changed by the legislature, in its discretion, and the authorities are all that way, then it is impossible that the courts can be invested with such power.   Courts may determine what are the corporate limits already established ; they may determine whether what is claimed by the municipal authority to be the corporate limits is so or not, and they may inquire whether the legislative authority has exceeded the powers with which it is invested ; but all this implies an existing law, applicable to the particular subject, and the inquiry is, what is the law, and has it been violated or complied with ?   Here, however, the inquiry is, what shall the law be, as respects the boundaries of this city ; shall it be as designated by the charter, or shall it be as prayed by the petitioners ?   And the decree of the court is the answer. That decree assumes to be, not a declaration of rights under the law, but the law itself, amending and changing a previous statute, as to the extent of territory over which a particular municipal government shall obtain.

We have not felt authorized to go into the question so elaborately argued by counsel, whether the territory described in the petition had properly become a part of the corporate territory of Galesburg.   This, as before observed, is purely a statutory proceeding.   It assumes, and the petition alleges, that the property sought to be disconnected is within the corporate limits of the city of Galesburg.   No provision is made for trying in this form of proceeding, whether lands have been properly added to the territory of incorporated cities, but that question is left to be settled by such appropriate remedy as may be found in the general law applicable to the subject.

For the reasons given, the decree of the court below is reversed.

*Decree reversed.*