[No. 4527.]

THE TOWN OF EDGEWATER v. LIEBHARDT.

**Cities and Towns—Disconnection of Territory—Constitutional Law.**

Chapter 106, Laws 1901, providing for the disconnection of outlying territory from cities and towns, is not obnoxious to the constitution as a delegation of legislative power to the county court.

*Error to the County Court of Jefferson County.*

Mr. DAVID G. TAYLOR, for plaintiff in error.

Messrs. DOUD & FOWLER, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The defendant in error filed his petition in the county court of Jefferson county setting forth that he was then seized in fee of the north one-half of the northwest quarter of the northwest quarter of section 36, township 3 south, of range 69 west; that the land was then within the corporate limits of the town of Edgewater and upon, contiguous and adjacent to the border of said town; that no part of said land had been platted into lots and blocks as a part or addition to said town; that all taxes and assessments lawfully due upon said land up to the time of the presentation of the petition had been fully paid; that the said town of Edgewater had not maintained either street lights or other public utilities for a period of three years, or for any other time whatsoever, through or adjoining said tract of land, and praying that said tract be disconnected from the said town.

The trial resulted in a decree disconnecting the tract of land from the town. The town officers contest the authority of the county court to disconnect territory from a municipality, and assert that the statute which purports to vest the county court with

authority so to do is unconstitutional and void because it attempts to delegate to the judiciary legislative power.  Their counsel say, in support of the assertion that the statute is unconstitutional, that the county court is vested with discretion, and may, or may not, grant a petition when the facts required by statute are proved to the satisfaction of the court. The portion of the statute which bears directly upon the question now before us is as follows:

"And upon the hearing and proof of the facts set forth in said petition, it shall be determined whether said tract or tracts of land should be disconnected from such city or town, and the court shall enter a decree accordingly."—Chapter 106, Laws of 1901.

This court, in the case *Rhodes v. Fleming,* 10 Colo. 553, said: "It is claimed that the statute is unconstitutional, in that the power to determine the extent and boundaries of such municipal corporations is thereby conferred upon individuals, and that such power is vested in the legislature, and cannot be delegated to private persons.  'One of the settled maxims in constitutional law is that the power conferred upon the legislature to make laws cannot be delegated to any other body or authority.'—Cooley, Const. Lim. 139.  *  *  *  'All that is practical, or could have been intended, was that the legislature should, by a general law, provide for the incorporation of cities, towns and villages, or the change or amendment of their charters, leaving it to those interested to bring them within its operation; and this has never, in this state, been held to be a delegation of legislative authority.'—*Guild v. City of Chicago,* 82 Ill. 472.  It must be understood that the legislative authority spoken of in the case last cited, as well as in all the decisions of the courts upon this question, is the authority to make laws, and that, when the authority

conferred upon bodies or individuals is not an authority to make laws, then there has been no delegation of legislative authority within the meaning of the decisions.''

The statute under consideration does not delegate to the county court legislative power, it simply vests in that court power to determine, upon hearing proof, whether the territory should be disconnected. It is said, however, that inasmuch as the court is to *determine* whether the tract *should* be disconnected, that the court is thereby vested with discretionary power, and authorities are cited holding that, so far as a statute attempts to confer discretionary power upon courts to change the boundaries of municipal bodies by annexing or disconnecting territory, it is unconstitutional.—*Galesburg v. Hawkinson et al.*, 75 Ill. 152.

It is settled in this state that statutes which vest in courts, political bodies or the people of a community, authority to determine and change, under the provisions of the law, the boundaries of cities and towns, is not a delegation of the power to make laws, and is therefore not violative of the maxim that the power conferred upon the legislature cannot be delegated by that department to any other body or authority.

In the brief of counsel it is taken for granted that the county court is, under the statute, vested with discretionary power, as though the statute contained the words found sometimes in similar statutes, directing the court to grant the petition after hearing, ''If justice and equity require that such territory should be disconnected.'' But no such provision is contained in the statute, and the words ''determine'' and ''should'' found therein do not authorize the court to do as it pleases. The statute is, in our opinion, mandatory; and if, upon the trial, it appears that the conditions required to be established by the

statute have been established, it becomes the duty of the court to enter a decree disconnecting the territory from the city or town. It is not denied here that the statements contained in the petition were established, and a reversal of the judgment is sought upon the sole ground that the law under which the proceedings were brought is unconstitutional.

The judgment is affirmed.    *Affirmed.*