[No. 4592.]

## THE TOWN OF FLETCHER v. SMITH.

**Cities and Towns—Disconnection of Territory—Pleading.**

In a petition to disconnect territory from a town, an allegation that the town had not "maintained any streets, lights or other public utilities," using the conjunction "or" instead of "and," as used in the statute, is proper.

*Error to the County Court of Arapahoe County:
Hon. Albert S. Frost, Judge.*

Mr. O. N. HILTON, for plaintiff in error.

Mr. C. M. KENDALL, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

From a decree of the county court of Arapahoe county, disconnecting the southwest quarter of section 2, township 4 south, of range 67 west, from the town of Fletcher, the town appealed the case to the court of appeals, thereafter it was transferred to this court.

The trial court, it is claimed, erred in not granting the motion of the town to dismiss the action, because: (1) Assuming the facts stated in the petition to be true, still the petitioner is not entitled to any relief; (2) The statute under which the proceeding is brought, is unconstitutional; (3) The petition does not, in terms, follow the statute, but negatives other matters than are therein specified as necessary to be negatived.

The plaintiff in error presents no argument in support of his contention that the statute is unconstitutional, and we shall, therefore, not discuss the

question. The petition alleges that the petitioner is the owner of the land in question; that the land is situated within the corporate limits of the town of Fletcher; that the tract contains more than twenty acres; that it is situated upon, and contiguous and adjacent to, the border of the town; that no- part thereof has been platted into lots and blocks as a part of, or as an addition to, the town; that all taxes or assessments lawfully due upon the premises have been fully paid. It is further alleged that the said town has not maintained any streets, lights *or* other public utilities, for a period of three years, through or adjoining the said tract of land, or for any other time. The specific objection is that as the statute requires that lands shall not be disconnected when it is shown that the town has maintained streets, lights *and* other public utilities, an allegation in the petition that the town has not maintained streets, lights *or* other public utilities, is not sufficient. That the statute requires the petitioner to prove the negative, and that ''the petitioner endeavors, in his petition, to avoid this dilemma by electing to aver and prove such negatives as he is convinced is the easiest, and in his petition uses the disjunctive 'or,' so that his petition reads 'streets, lights *or* other public utilities.' ''

This argument, it seems to us, is in favor of the petition; for, conceding that the petitioner must aver all that counsel contends he should, he could not make the allegation in the language of the statute without averring that which would defeat his action. If he were to aver that the town had not maintained any streets, lights *and* other public utilities, through or adjoining the land, he would admit that the town had maintained streets, lights *or* other public utilities. The allegation is in proper form, and the objection is not well taken.

The allegations of the petition were established

by the testimony. The respondent offered no testimony. The statute authorizing the disconnection of land from cities and towns has been construed in the recent cases of *Town of Edgewater v. Liebhardt*, 32 Colo. 307; *Town of Fruita v. Williams, ante,* p. 157; and *Anaconda Mining Co. v. Town of Anaconda, ante,* p. 70. Under the authority of these cases, we must hold that the petition was sufficient and that the motion to dismiss was properly denied.

*Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.