FRED BRENKE v. BOROUGH OF BELLE PLAINE.[1]

July 10, 1908.

Nos. 15,689—(201).

**Act Constitutional.**

Hunter v. City of Tracy, 104 Minn. 378, upholding the constitutionality of chapter 221, p. 294, Laws 1907, followed and applied.

**Act Inapplicable to Appellant.**

Chapter 221, Laws 1907, authorizing the detachment of agricultural land from cities containing a population of ten thousand or less, *held* not applicable to the borough of Belle Plaine.

**Act Unconstitutional.**

·Chapter 273, Laws 1905, providing the same relief as to villages, *held* unconstitutional and void, in that it delegates, or attempts to delegate, legislative power and discretion to the district courts.

Petition to the district court for Scott county to have certain agricultural land detached from the borough of Belle Plaine. The borough appeared specially and objected to the jurisdiction of the court. The matter was submitted upon stipulated facts to the court, Morrison, J., who made findings and ordered judgment in favor of petitioner. From a judgment entered pursuant to the findings, the borough of Belle Plaine appealed. Reversed.

*H. J. Peck* and *A. J. Irwin,* for appellant.

*W. C. Odell* and *W. H. Leeman,* for respondent.

BROWN, J.

Proceedings under chapter 221, p. 294, Laws 1907, to detach certain agricultural land from the borough of Belle Plaine. The applicant had judgment, and the borough appealed.

The matter was submitted to the court below upon a stipulation of facts, from which it appears that Belle Plaine was created and organized as a borough by chapter 36, p. 276, Sp. Laws 1868, and that it has at all times remained such, acting under and by virtue of its original charter. Plaintiff is the owner of a tract of unplatted land, exceeding forty acres, situated within the boundaries of the

1 Reported in 117 N. W. 157.

borough, used exclusively for agricultural purposes, and so situated that it may be detached from the borough without in any manner affecting the symmetry of the settled portion thereof. Upon these facts, and others of minor importance, the court below granted a decree of separation.

The assignments of error present two questions for consideration: (1) The constitutionality of chapter 221, p. 294, Laws 1907; and (2) its application to the municipality known in this state as a "borough." The first question was determined adversely to appellant's contention in the case of Hunter v. City of Tracy, 104 Minn. 378, 116 N. W. 922, where the validity of the statute was upheld. That decision was treated by counsel as final, and the question was not pressed on the oral argument in the case at bar. We follow and apply the Hunter case.

We come, then, to the second question, namely, whether the statute applies to the borough of Belle Plaine. This would seem not to require extended discussion. Cities, villages, and boroughs have long been recognized in this state for the purposes of legislation appropriate to the conditions peculiar to each, and statutes enacted with express reference to one have seldom been extended by judicial construction to a member of either of the other classes. Moriarty v. Gullickson, 22 Minn. 39; Bannon v. Bowler, 34 Minn. 416, 26 N. W. 237.

In the first of these cases it was held that section 2, c. 39, G. S. 1866, requiring chattel mortgages to be filed in the office of the city clerk, where the mortgagor resided in a city, or in the clerk's office of the town of his residence, did not apply to villages, and that a filing with a village clerk, though the mortgagor resided therein, was not necessary. The statute was subsequently amended by requiring such instruments to be recorded in the town, village, or city of the mortgagor's residence, and the statute was construed in the second case cited not to apply to boroughs.

Numerous other instances are found in the statutes where a legislative intent to restrict the application of particular statutes to the municipality or municipalities specially mentioned is clearly shown. As examples of this we refer to R. L. 1905, §§ 766, 768, 769, 779, 783, 784, 4700. No reason occurs to us why we should ignore this uniform trend of legislation, or depart from the rule laid down in the two cases above cited; and we follow and apply the same, and hold that the

act under consideration, its language expressly limiting its application to cities of ten thousand or less, does not include boroughs.

This view is sustained by a still stronger reason. The people and the legislature, subsequent to the adoption of the constitutional amendment prohibiting special legislation, recognized the necessity of extending the power of special legislation on subjects applicable to cities, and express authority was granted by article 4, § 36, of the constitution to classify them for that purpose by population. Four distinct classes are there provided for: (1) Those having a population of over fifty thousand; (2) those of fifty thousand, and not less than twenty thousand; (3) those having a population of twenty thousand, and not less than ten thousand; and (4) those having a population of ten thousand or less. Whenever a statute is enacted with reference to one of these classes, the application thereof must necessarily be restricted to the class specially mentioned in the act, and its scope cannot be extended by the court to include either class not mentioned, or to include a municipal corporation not belonging to the class referred to. So, with reference to the statute under consideration, it was enacted with express reference to the fourth class, and the conclusion necessarily follows that the legislature intended to limit its application to those belonging to that class.

It follows that the court erred in granting the relief prayed for, unless it was authorized by chapter 273, p. 408, Laws 1905, cited and relied upon by respondent. That statute, granting the same relief as the one just considered, upon its face applies only to villages. But, conceding for the purposes of the case that it should be construed to include boroughs, a concession which conflicts with the decisions in the Moriarty and Bannon cases, it is so clearly unconstitutional that we have no hesitation in declaring it wholly void. It is elementary that the legislature cannot delegate to the courts, or other subordinate tribunals or commissions, legislative power. The application of the principle and the reasons therefor were discussed in the recent case of State v. Great Northern Ry. Co., 100 Minn. 445, 111 N. W. 289, 10 L. R. A. (N. S.) 250, and also in State v. Brill, 100 Minn. 499, 111 N. W. 294, 639.

We need not renew the discussion, or attempt to point out additional reasons why the principle should be adhered to. That the act

under consideration violates it, and is therefore unconstitutional, is beyond doubt. It provides for the detachment of agricultural lands from villages in certain cases, prescribes a course of procedure, and that after hearing and trial in any particular case in which the relief is demanded the court may "in its discretion" grant or refuse the same. That this is a delegation of legislative power and discretion to the court is quite clear. The organization of municipalities, including the extent of territory to be embraced within their limits, is exclusively legislative, and cannot be referred for a determination to the courts. State v. Simons, 32 Minn. 540, 21 N. W. 750. So also the question whether a municipal corporation, once organized, should be disorganized, or a part of its territory detached therefrom, is equally legislative, and, inasmuch as the act of 1905 commits the matter of detaching territory to the discretion of the court, it contravenes the constitutional authority of the legislature, and is void.

Had the act defined the conditions upon which land might be detached, directing the court, upon finding the necessary facts, to grant the relief, a different situation would be presented. The act under consideration does not so provide, but commits the whole matter to the sound judgment of the district court. The act in this respect is entirely different from that of 1907, construed in the Hunter case, for there no discretionary power was conferred upon the court. That statute was construed as mandatory, and as requiring the court, upon finding the facts made the basis of the right of separation, to grant a decree. The question is discussed in the opinion in the Hunter case as applied to the language of the act there construed.

Our conclusions are, therefore, (1) that chapter 221, p. 294, Laws 1907, does not apply to the borough of Belle Plaine; and (2) that chapter 273, p. 408, Laws 1905, is unconstitutional and void.

Judgment reversed.