STATE OF IOWA ex rel. D. P. MERCER, appellee, v. INCORPORATED TOWN OF CRESTWOOD (Polk County) et al., appellants.

No. 49112.

(Reported in 80 N.W.2d 489 and 81 N.W.2d 452)

January 15, 1957.

Supplemental Opinion and Rehearing Denied

March 8, 1957.

Joseph M. Coppola, Anthony M. Critelli and James V. Sarcone, all of Des Moines, for appellants.

George A. Rice, George W. Rice and John Fletcher, all of Mapleton, and Warren C. Fletcher, of Des Moines, for appellee.

Peterson, J.—This is an action in quo warranto to test the legality of the incorporation of the Town of Crestwood. The question in the case is whether a tract of land adjoining the Town of Windsor Heights should be annexed to said Town, or was incorporated as Crestwood. Annexation procedure appears in sections 362.26 and 362.27, Iowa Code, 1954, and incorporation procedure in sections 362.1 to 362.9 inclusive.

The procedural sequence of action by Windsor Heights was: On September 19, 1955, the town council, under motion unanimously adopted, directed the town clerk to publish notice once a week for two weeks in the Des Moines Tribune giving notice to all persons interested of a meeting to be held at seven o'clock p.m., on October 3, 1955, to consider a proposed resolution for annexation of abutting territory. The territory was described in detail in the notice. At the meeting of the town council on October 3 a resolution for annexation of the territory was unanimously adopted. The resolution provided, in accordance with section 362.26(3), for an election to be held after publication of statutory notices. The election was held on November 8 and the annexation proposal carried. On November 11 the council ordered filing of legal proceedings for annexation as provided in section 362.26(4). On January 16, 1956, Windsor Heights filed the petition in Polk County District Court. The action is pending awaiting the result of this action.

The Crestwood procedure was: On September 26, 1955, a petition signed by the statutory number of more than twenty-five residents of substantially the same territory as described in the Windsor Heights notices was filed in Polk County District Court for incorporation of the Town of Crestwood. Commissioners were appointed by the court, as provided in section 362.5, and after proper notice an election as to incorporation was held on December 3, 1955, which carried. Afterward an election was held to elect Mayor, Town Council and Treasurer. On January 6, 1956, in accordance with procedural steps duly taken, incorporation of Crestwood was ordered by Polk County District Court.

Plaintiff, D. P. Mercer, is the mayor of Windsor Heights. He demanded of the Polk County Attorney that an action be commenced in quo warranto to test the legality of incorporation of Crestwood. The county attorney refused to prosecute the action and application was made to the district court for authority to commence this action. Authority was granted. On February 7, 1956, plaintiff filed the action. On May 29, 1956, decree and judgment was entered finding the incorporation of Crestwood illegal, null and void and ousting its officers. The Town and its elected officers have appealed.

I. In the last ten years there has been a definite trend in Iowa toward building of homes in rural areas, immediately adjacent to cities and towns. Development companies have found the trend sufficiently attractive so that residential areas containing a large number of home sites have been developed as business projects. The result is we are now confronted in Iowa with numerous annexation projects, and in many cases a desire on the part of populous areas to establish new towns. Settlement of the legal questions involved in a case of this type is therefore important.

II. Procedure with reference to both annexation and incorporation, under present provisions of our statutes, is legislative. The question has heretofore arisen in Iowa, because in early statutory provisions legislative functions were allocated to the judicial department. This violates section 1 of Article III of our Constitution. After the usual provision as to powers of Government being divided into three departments, the section states: "and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted." See State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 57 N.W.2d 63; 16 C. J. S., Constitutional Law, section 139(2); In re Brenke, 105 Minn. 84, 117 N.W. 157; Udall v. Severn, 52 Ariz. 65, 79 P.2d 347; Glaspell v. City of Jamestown, 11 N. D. 86, 88 N.W. 1023; In re Ruland, 120 Kan. 42, 242 P. 456; City of Galesburg v. Hawkinson, 75 Ill. 152; Searle v. Yensen, 118 Neb. 835, 226 N.W. 464, 69 A. L. R. 266.

The history of the situation in Iowa is of interest in this case. Since the Code of 1873 we have proceeded with annexations under the provisions of what became sections 362.26, 362.27 and 362.28, 1946 Iowa Code. These sections were repealed by section 7, chapter 144, Acts of the Fifty-fourth General Assembly. Other provisions in the chapter, together with provisions in chapter 162 of the Fifty-fifth General Assembly were substituted, and these now constitute sections 362.26 and 362.27, 1954 Iowa Code.

State ex rel. Klise v. Town of Riverdale, supra, was decided by this court in February 1953. The procedure involved

in the case was started in 1948 and was, therefore, governed by sections 362.26 and 362.28, Iowa Code, 1946. The town of Bettendorf took action in 1948 for annexation of certain territory abutting the town. The territory involved was afterward incorporated as the Town of Riverdale. Klise as relator instituted action against Town of Riverdale to dissolve its incorporation and hold the election of its officers null and void. Riverdale answered contending sections 362.26 and 362.28, 1946 Code, were unconstitutional on the basis of judicial invasion of legislative functions. We sustained the position of Riverdale, stating at page 428 of 244 Iowa, page 66 of 57 N.W.2d:

"The incorporation of a municipality is purely a legislative function. The power to create municipalities cannot be delegated to the judicial branch of government. The power to extend the boundaries of a municipality is an exercise of the power to create a municipality and is within the exclusive power of the legislative branch of government."

Annexation is the action of a city or town council and vote of the people. Incorporation is by petition signed by at least twenty-five residents of the area involved, and vote of the people.

In 69 A. L. R. 267 appears the following general statement: "It may be stated as a general rule, supported by practically all of the cases in which the proposition is considered, that the creation, enlargement, or diminution of political districts or municipal corporations is a legislative function * * *. A majority of the cases would seem to favor the rule that a statute providing for the creation or change of a political district or municipal corporation, which grants to a court the exercise of any discretion as to whether the political subdivision should be created or changed, or requires of the court any other assistance than to determine whether the conditions precedent as declared in the statute have been complied with by the organizers of the district or corporation, or the district or corporation seeking a change, violates the constitutional limitation separating the powers of the government."

III. There is no question raised by either party as to the

regularity of the annexation or incorporation procedure. Subject only to objections as to legal significance of certain testimony, all evidence was offered by plaintiff, including evidence concerning incorporation of Crestwood.

■ All parties agree as to the legal principle that in a conflict between annexation and incorporation the proceeding first instituted has precedence. State ex rel. Harberts v. Klemme Community Sch. Dist., 1955, 247 Iowa 48, 72 N.W.2d 512; Bohrofen v. Dallas Center Ind. Sch. Dist., 242 Iowa 1070, 49 N.W.2d 514; Independent District of Sheldon v. Board of Supervisors, 51 Iowa 658, 660, 2 N.W. 590, 591; Town of Greenfield v. City of Milwaukee (Town of Greenfield v. City of West Allis), 1951, 259 Wis. 77, 47 N.W.2d 292; State ex rel. Ed. Harrier v. Village of Spring Lake Park, 1955, 245 Minn. 302, 71 N.W.2d 812; In re Incorporation of Village of St. Francis, 208 Wis. 431, 434, 243 N.W. 315.

■ The point at which appellants and appellee differ is as to what constitutes the first step in procedure. Appellants contend it is the action of the district court in each instance. Appellee contends the first step was passage of motion by Windsor Heights council instructing town clerk to publish notice of hearing on question of annexation. We have had no specific decision as to conflicting claims of annexation and incorporation, but we have decisions which are analogous to the proposition involved. They concern consolidation of, and annexation of territory to, school districts. State ex rel. Harberts v. Klemme Community Sch. Dist., Bohrofen v. Dallas Center Ind. Sch. Dist. and Independent District of Sheldon v. Board of Supervisors, all supra; School Corporation of Township of Richland v. Independent Sch. Dist., 162 Iowa 257, 144 N.W. 20; Smith v. Blairsburg Ind. Sch. Dist., 179 Iowa 500, 159 N.W. 1027.

Our recent pronouncement on the subject appears in State ex rel. Harberts v. Klemme Community Sch. Dist., supra. This was a quo warranto proceeding to test the legality of the organization of the Klemme district. On October 3, 1953, a petition was filed seeking formation of the Belmond Community School District, which included lands in Wright and Hancock Counties. On October 30, 1953, a petition was filed seeking formation of

Klemme Community School District, which included within its proposed boundaries some of the territory included in the Belmond district. We held that since the Belmond district had started its proceedings first there was a jurisdictional defect in the Klemme proceedings fatal to its existence. In the case we said (page 51 of 247 Iowa, page 514 of 72 N.W.2d) :

"This principle is not new in law, for it is well settled that prior jurisdiction once obtained in any legal proceedings prevents any subsequent effort to interfere with the orderly disposition under the first proceeding. It is conceded the filing of the Belmond petition gave the joint board the initial jurisdiction over the area described in that petition. However, it did more; it gave the joint board sole jurisdiction for reorganization purposes."

In this case the first step in the legislative procedure was the passage of the motion by the town council of Windsor Heights on September 19, 1955, instructing the town clerk to publish notice as to meeting to be held on October 3 to hear proponents and opponents as to annexation. The first procedural legislative step with reference to incorporation of Crestwood was on September 26, 1955, when a petition signed by more than twenty-five people in the area involved was filed in the District Court of Polk County.

The great weight of authority in other states is that annexation proceedings and incorporation proceedings are legislative in character and the entity taking the first legislative step has exclusive jurisdiction to complete its procedure. Town of Greenfield v. Milwaukee (Town of Greenfield v. West Allis), supra; City of Fort Worth v. State, 1945, Tex. Civ. App., 186 S.W.2d 323; In re Incorporation of Village of St. Francis, supra; State ex rel. Ed. Harrier v. Village of Spring Lake Park, supra; People ex rel. City of Pasadena v. City of Monterey Park, 40 Cal. App. 715, 181 P. 825; 62 C. J. S., Municipal Corporations, section 52.

In Town of Greenfield v. City of Milwaukee, and Town of Greenfield v. West Allis, supra, there was an attempt to annex a certain area to both the city of West Allis and the city of Milwaukee. In accordance with statute notices with reference

to annexation procedure were posted in West Allis on August 2, 1948. The petition filed in accordance with Wisconsin statute with the council was not filed until September 7, 1948. Under Wisconsin statutes the procedure varies with reference to cities like Milwaukee, the first step being filing of petition. This step was taken by filing petition with the council on August 30, 1948. The position of Milwaukee was that since its petition was filed first it had precedence over the area involved. In deciding the case the court, at page 82 of 259 Wis., page 295 of 47 N.W.2d, quoted from case of In re Incorporation of Village of St. Francis, supra, as follows: " 'If those who are attempting to direct the course of the two movements have in each instance met the statutory requirements in notice, application, survey, and other details of the proceedings required by law, *the movement first started has the right of way.*' " (Italics ours). The court decided West Allis took the first procedural step, posting of notices, and had precedence over Milwaukee.

The question was decided in State ex rel. Ed. Harrier v. Village of Spring Lake Park, supra. In accordance with statute, on January 5, 1954, certain residents of Blaine Township in Anoka County petitioned county commissioners to call an election to determine whether the township should be incorporated as a village. The commissioners took necessary action and election was called for January 27, 1954. On January 16, 1954, the village council of Spring Lake Park, under another statute, acted upon a petition to annex a part of the Blaine territory to the village. An election was called for January 26, 1954. Both elections carried and proceedings concluded according to statutes. The situation is in reverse, but otherwise similar to the case at bar. The court said at page 308 of 245 Minn., page 816 of 71 N.W.2d:

"There was pending a proceeding by the proper authority to perfect the organization into a village before the petition for annexation was presented to the city. The territory involved was therefore, by a prior petition, in the process of organization into a village. We believe the sound rule, universal in its application, that 'As between courts of co-ordinate jurisdiction, the tribunal first acquiring jurisdiction retains it, and is not to

be interfered with by another co-ordinate court' is applicable where, under different statutes vesting jurisdiction in different persons or authorities, the same territory is subject either to formation into a new municipality or to annexation to an existing municipality, the jurisdiction first invoked thereby becoming exclusive. See, 43 C. J., Municipal Corporations, §23; 62 C. J. S., Municipal Corporations, §52. We therefore hold the aforesaid rule to be applicable to the facts and the situation presented in the instant case, the jurisdiction so called having been first invoked in the incorporation proceedings and the priority becoming exclusive."

IV. The principal proposition relied upon by appellants for reversal was as follows: "Jurisdiction to effect the incorporation of the town or city or to annex territory to a town or city is vested exclusively with the District Courts of the State of Iowa." If this position of appellants were correct the constitutionality of paragraphs 4, 5 and 6 of section 362.26, Code of Iowa, 1954, might be in doubt on the same theory as our decision in State ex rel. Klise v. Town of Riverdale, supra. According to argument of appellants the important matter with reference to annexation and incorporation is the decree of the court in each case. We do not approve this position. In annexation procedure the steps are carried out by action of town or city council and vote of the people, and as to incorporation by petition and vote of the people. In each case there is a judicial function, but it is only fact finding and this is permissible. By taking such action the court does not invade the legislative field.

The present provisions with reference to annexation restrict the functions of the court to the findings of fact concerning two matters: First, "* * * that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation." Second, "* * * if the court finds further that all of the proceedings and conditions precedent to annexation * * *

have been duly instituted and carried out." Section 362.26(6), Iowa Code, 1954.

The statute is so restrictive that no legislative function remains for action by the court. It has no discretion as to annexation, if the facts are in accordance with statute. Section 362.26(6) provides if the facts are found as outlined "the court *shall* decree the annexation." (Emphasis ours.) The situation is similar with reference to incorporation. After a petition signed by at least twenty-five residents has been filed and the further provisions of statute have been properly followed the court has no discretion in the matter and has no legislative function to perform. Section 362.8 provides in part: "Upon the confirmation of the election and report, a judgment *shall* be entered of record, declaring the town duly incorporated * * *." (Emphasis ours.)

In 16 C. J. S., supra, the following rule is stated: "* * * but the courts may be authorized to determine questions of fact, such as the question whether the law has been complied with."

In Denny v. Des Moines County, 143 Iowa 466, 472, 473, 121 N.W. 1066, 1069, we said: "It is well settled in this state that the Legislature may provide for the exercise by a court of the power to judicially determine facts which are made the conditions on which authority may be exercised by officers to whom is delegated the exercise of legislative and executive power. * * * In other states statutes providing for proceedings in court with reference to a creation of a municipal corporation, or the extension of its limits, have frequently been considered by the courts, with the general conclusion, supported by the great weight of authority, that if the proceeding involves the determination of a legislative question, or the exercise of administrative powers, the statute is unconstitutional, and that such statutes can be upheld only where they leave to the courts the determination of questions of fact, as distinguished from the exercise of a general discretion involving the public interest. Callen v. Junction City, 43 Kan. 627, 23 P. 652, 7 L. R. A. 736; State v. Simons, 32 Minn. 540, 21 N.W. 750; Forsyth v. City of Hammond, 71 F. 443, 18 C. C. A. 175."

In Lyon v. City of Payette, 38 Idaho 705, 708, 224 P. 793, 794; annotation 69 A. L. R. 269, the court stated: "It is gen-

erally conceded that while the legislature cannot delegate the power conferred upon it by the Constitution to legislate, the legislature can pass a law to become effective at some future time upon the determination of facts set forth in the law; and the legislature may delegate to the courts the power to determine the existence of the conditions prescribed in the law, upon which it will become effective. And if, in the enactment, the legislature vests no power in the courts other than to determine the existence of the facts set forth in the law itself, contingent upon the existence of which the law comes into operation, it does not constitute a delegation of legislative power."

The question of the court's function being only fact finding, as to both incorporation and annexation, is considered in 37 Am. Jur., Municipal Corporations, sections 8 and 25: "It is generally held that the legislature, in enacting general statutes governing the incorporation of municipal corporations, which describe the conditions precedent to incorporation, may confer upon a court or other agency the power and duty to ascertain the existence of the facts set forth in the statute upon which it will become effective and to see that all legal forms have been complied with. When such facts are found to exist and the required legal forms have been complied with, the law directs the creation of the municipal corporation. If the legislature vests no power in the courts or other body or individual other than to determine the existence of the facts set forth in the law itself, contingent upon the existence of which the law comes into operation, it does not constitute a delegation of legislative power. A majority of the courts hold, however, that if the statute requires or authorizes the court or other agency to pass upon questions of public policy involved, or to exercise any discretion as to whether the municipal corporation should be created, or to render any other assistance than the determination of facts, there is an attempted delegation of legislative power and the statute is invalid. * * *."

Section 25: "In so far as such general law makes the right of annexation to depend upon specific questions of fact, such as the number of inhabitants, the amount of taxable property, the consent of a specific portion of the inhabitants or electors or taxpayers of the area affected, the trial of the questions whether

such required facts exist, and the making of findings as to whether they do, or do not, exist, and rendering judgment thereon, is a judicial function properly referred to and determined by the courts, but in so far as its ultimate action is made to depend upon unfettered discretion as to whether, politically and economically speaking, it is advisable that the annexation be made, such function is purely legislative in its nature and cannot be delegated to the judicial department."

V. Annexation and incorporation proceedings are clearly in the legislative field, and since the first legislative step was taken by Windsor Heights town council on September 19, 1955, seven days before filing petition for incorporation by residents of the area, exclusive jurisdiction over the territory was established in Town of Windsor Heights. We approve the decree of the trial court and the case is affirmed.—Affirmed.

BLISS, C. J., and OLIVER, WENNERSTRUM, GARFIELD, SMITH, HAYS, THOMPSON, and LARSON, JJ., concur.

### SUPPLEMENTAL OPINION

PER CURIAM—The opinion previously filed herein is supplemented by adding thereto the following:

This cause is remanded to the District Court of Polk County, with directions that it permit appellant Town of Crestwood as a de facto Municipal Corporation, to operate the Town until December 31, 1957, and the proper operation of said Town by said de facto Corporation is to be approved by said Court.

In the operation of said de facto Town it shall have the right to receive the taxes in 1957, already levied in 1956, and pay therefrom its indebtedness, and cost of operation until December 31, 1957.

Said Court shall retain jurisdiction to settle any question as to disposition of any balance in the Crestwood treasury on December 31, 1957, and to settle any other questions arising as to the de facto Corporation.

Said District Court shall take proper steps to dissolve said de facto Corporation as of December 31, 1957.

Except as herein provided, petition for rehearing is hereby overruled.