## In re FULLMER et al.

No. 1830. Decided November 23, 1907 (92 Pac. 768).

1. MUNICIPAL CORPORATIONS—DIVISION OF TERRITORY. In proceedings under Revised Statute 1898, section 288 et seq., to detach territory from a town, evidence that such territory consisted entirely of agricultural land which received no appreciable benefit from being within the corporate limits *held* to justify a finding that justice and equity required its serverance, within the provision therefor of Revised Statutes 1898, section 289.

2. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER TO COURTS—SEVERANCE OF TERRITORY FROM TOWN. Revised Statutes 1898, section 288, authorizes the district court to proceed to disconnect any territory within and on the borders of any city, on petition of a majority of the owners of real property therein, stating reasons therefor, and accompanied by a map or plat of the territory. On filing of the petition, a summons to the city

is required, and issue is then joined as in other cases. Section 289 provides that if the court finds the petition is true, and that justice and equity require the disconnection, it is to appoint commissioners to adjust the terms as to the liabilities of the city, which accrued during the connection, and as to the mutual property rights of the city and territory. Other sections provide for a hearing and report of the commissioners, after which the court is to decree in accordance therewith and with the petition, unless for good cause it modifies or rejects the report. *Held*, that the provisions are not invalid as delegating power to the courts to legislate, since they merely require the court to judicially determine whether facts found by it entitle the petitioners to relief for causes determined by the Legislature.[1]

3. MUNICIPAL CORPORATIONS—DIVISION OF TERRITORY—POWER OF COURT. In such proceedings, the court is confined in the first instance to the issues of the truth of the petition and the justice of the disconnection, and cannot determine other issues without the consent of the parties.

4. SAME. The adjustment of terms upon which the territory shall be severed is for the determination of the commission, and not the court, and as these matters need not be set forth, either in the petition for severance or in the objections thereto, the question whether there are equities cannot be determined until commissioners are appointed.

5. SAME—MANDATORY STATUTORY PROVISIONS. The provision that if the court finds the petition to be true, and that justice and equity require a severance, it shall appoint commissioners who shall adjust the terms upon which severance shall be made, is mandatory, and can only be avoided by an express waiver of the parties.

APPEAL from District Court, Utah County; J. E. Booth, Judge.

Application of Don C. Fullmer and others, real property owners of the town of Mapleton, to restrict its corporate limits. From a decree of severance, the town appeals.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

*A. Saxey* for appellant.

*W. E. Rydalch, A. L. Booth,* and *E. E. Corfman* for respondents.

1 Young v. Salt Lake City, 24 Utah 321, 67 Pac. 1066.

FRICK, J.

This proceeding was commenced in the district court of Utah county to sever certain territory from the town of Mapleton, an incorporated town in said Utah county. The proceeding is based upon section 288 et seq., Rev. St. 1898, which, so far as material, provides as follows: "Whenever a majority of the real property owners of any territory within and lying upon the borders of any city, shall file with the clerk of the district court of the county in which said territory lies, a petition praying that such territory be disconnected therefrom, and such petition sets forth reasons why such territory should be disconnected from such city, and is accompanied with a map or plat of the territory sought to be disconnected . . . such court shall cause a notice of the filing of the same to be served upon the city . . . and shall also cause notice to be published in some newspaper having a general circulation in such city. . . . Issue shall be joined and the cause tried as provided for the trial of civil causes, as nearly as may be. The proper authorities of such city or any person interested in the subject matter of said petition, may appear and contest the granting of the same." The following section (289) provides: "If the court finds that the petition was signed by a majority of the real property owners of the territory concerned, and that the allegations of the petition are true, and that justice and equity require that such territory or any part thereof should be disconnected from such city, it shall appoint three disinterested persons as commissioners to adjust the terms upon which such part shall be so severed as to any liabilities of such city that have accrued during the connection of such part with the corporation, and as to the mutual property rights of the city and the territory to be detached." The remaining sections provide for the fixing of a time by the commissioners appointed for a hearing of the parties interested with respect to the matters set forth in the preceding section, and to make a report of their finding to the court. Upon the filing of such report and findings, the court shall enter a decree in accordance therewith, and in accordance with the petition, unless

for good cause the findings of the commissioners are modified or set aside by the court. A majority of the real estate owners of certain territory sought to be disconnected from the town of Mapleton filed their petition praying for severance under the foregoing sections. The town of Mapleton appeared and answered the petition, setting forth certain objections to the granting of the same, and a hearing or trial was had upon the petition and objections to the court, which found all the facts required in the foregoing section to be found in favor of the petitioners, and further found, without the consent of the town of Mapleton, that there were no equities to adjust between the territory sought to be detached and the town of Mapleton, and that no commissioners were necessary, and upon such findings entered a decree severing the territory described therein from said town of Mapleton. The town of Mapleton excepted to the findings and decree, and presents the record to this court for review. While the errors assigned are somewhat numerous, we shall consider such only as are deemed necessary to the disposition of the case.

The assignment that the court erred in its findings that the allegations of the petition are true, and that justice and equity require a severance of the territory from the town of Mapleton, cannot be sustained. These findings are amply supported by the evidence, and it is quite clear that all of the territory sought to be detached consists of agricultural land, and receives no direct or appreciable benefit from being within the corporate limits of the town of Mapleton.

The next error discussed is that sections 288 and 289 are unconstitutional, in that matters purely legislative are thereby conferred upon the courts. It must be conceded that there is much force to the argument of counsel for the town of Mapleton, that the creation, the fixing of boundaries, the disincorporation or division of municipal corporations are all matters that are vested in the legislative department, and therefore cannot be delegated to the courts. While this is true, as a general proposition, the Legislature may nevertheless pass laws by which it may determine and fix the causes, if found to exist by some court or commission to which the

matter is referred by the Legislature, for which towns and cities may be incorporated, or disincorporated, or certain territory be annexed or disconnected therefrom. This indeed is conceded by counsel, but he insists that the Legislature in the foregoing section did not do, nor attempt to do, this. His contention is that the reasons or causes upon which the decree is based for the change of boundaries of cities or towns, under the foregoing sections, are left entirely with the court, since the Legislature did not prescribe or fix any causes or reasons upon which the court should act and decree a severance. The question, while interesting and important, is not an open one in this state. The matter was definitely settled by this court in the case of *Young v. Salt Lake City*, 24 Utah 321, 67 Pac. 1066, where the authorities pro and con are reviewed, and a determination reached contrary to the contention of counsel. It is a matter of general knowledge that since that decision, and in reliance thereon, numerous petitions for disconnecting territory from cities and towns in this state have been passed upon and allowed by the courts. It therefore would be productive of much more harm than good to now reverse that case, even if we were satisfied that the conclusions therein reached were erroneous. It may be further said in this behalf that the authorities, at best, are in conflict upon the question, and we are not disposed either to reargue or to disturb the rulings in that case upon this question. The contention of counsel in this regard must therefore be overruled.

The next error, and the only other one of importance assigned, is that the court erred in its finding that there are no equities to adjust between the detached territory and the town of Mapleton, and in refusing to appoint commissioners to ascertain and pass upon that question. It will be observed that under section 289, supra, all that the court is authorized to pass upon and find is whether the allegations of the petition are true, and whether "justice and equity require that such territory or any part thereof should be disconnected from such city." As we construe the section above quoted from, there are no issues presented to the court in the first

instance except those mentioned therein, and hence the court cannot, without the consent of the parties, enter upon the determination of others. The matter of the adjustment of the terms upon which the territory shall be severed from the town or city is a matter that must be brought to the attention of the commissioners after, and not to the court, before their appointment. These matters need not be set forth in either the petition for severance or in the objections thereto, and it would seem that, even if they were so set forth therein, the court should not, and certainly without the consent of the parties cannot, hear and pass upon them. It does no help the matter to urge, as it is urged by counsel for the petitioners, that the court found in this case that there are no equities to adjust. In such a finding there necessarily is included the proposition what are and what are not equities. As these need not be set forth in the initial pleadings, and need not necessarily be brought to the attention of the court or the parties until the court finds a severance just and equitable and directs one to be made, they are not a proper part of the proceeding, and cannot become so until commissioners are appointed to consider and pass upon them. It is true that the town of Mapleton in its answer in this case sets forth certain matters in their nature equitable as reasons why the territory sought to be severed should not be detached; but the town had a right to set these matters forth, and they were presented only as reasons why a severance should not and could not equitably be made. The town can supplement and add to these reasons others when the whole matter is presented to the commissioners, and it may well be that the commissioners may not agree with the court with regard to what the terms of severance shall be. True, the court may, for good cause, modify or entirely reject the findings of the commissioners and may appoint others in their stead, but this is no reason why the court should in the first instance refuse to appoint any commissioners or refuse to submit the matter to them for determination. The statute is mandatory that, if the court finds the allegations of the petition to be true and that justice and equity require a sev-

erance, it shall appoint commissioners who shall adjust the terms upon which the severance shall be made. This, as we construe the statute, can only be avoided by an express waiver of the parties. The court can exercise such powers only as are conferred upon it by statute, and it must exercise them in the manner by it prescribed; and, unless a right conferred by statute upon either party be waived, the court cannot, under its general powers, and without the consent of such party, make a finding that there is nothing for commissioners to pass upon. The court, therefore, erred in its findings and conclusions in this regard.

There are other errors assigned and argued; but they all refer in some way to the findings of the court in allowing the petition. In this regard we think the findings of the court are all supported by the evidence, and that the rulings of the court at the trial were in no way prejudicial to the town of Mapleton, and therefore the action of the court in its findings that justice and equity require a severance of the territory described therein is affirmed.

The court's findings and conclusions, however, that no commissioners are necessary, cannot be permitted to stand, and as to these the judgment of the court is reversed, and the case is remanded to the district court of Utah county, with directions to that court to set aside its findings in that regard; to appoint commissioners to adjust the terms of severance of the territory sought and permitted to be severed by the court, unless the appointment of such commissioners be expressly waived by the parties, and to receive and act upon the report of such commissioners when made, and upon approval to enter a decree of severance in accordance with such findings and report of such commissioners, and in accordance with law and the views herein expressed, the town of Mapleton to recover its costs upon this appeal.

McCARTY, C. J., and STRAUP, J., concur.