CHRISTENSEN et al. v. TOWN OF CLEARFIELD.

No. 4289.   Decided January 26, 1926.   (243 P. 376.) .

1. MUNICIPAL CORPORATIONS—STIPULATION HELD TO UPHOLD FINDINGS LAND SHOULD BE SEVERED FROM TOWN. In proceedings to sever land from corporate limits of town, where practically all facts found by court were stipulated to by counsel, findings of trial court that land should be severed from town *held* sufficiently supported by such stipulations and evidence that such land was agricultural land, and received no benefit from being within corporate limits.

2. MUNICIPAL CORPORATIONS—SEVERING AGRICULTURAL LAND FROM TOWN HELD PROPER. Severing from corporate limits of town agricultural lands which received no benefit from being therein was proper, regardless of objection that lands in question received same municipal benefits as other territory in corporate limits. [1]

---

[1] *In re Fullmer*, 92 P. 768, 33 Utah, 43.
Corpus Juris-Cyc. References.
[1]   Municipal Corporations, 28 Cyc. p. 206 n. 92 New.
[2]   Municipal Corporations, 28 Cyc. p. 196 n. 12.

Appeal from District Court, Second District, Davis County; *J. N. Kimball*, Judge.

Proceeding by H. M. Christensen and others against the Town of Clearfield to sever lands from corporate limits of the Town. From a decree of separation, the Town appeals.

AFFIRMED.

*Stewart, Alexander & Budge*, of Salt Lake City, for appellant.

*Claude T. Barnes*, of Salt Lake City, for respondents.

STRAUP, J.

The petitioners Christensen and others brought this action to sever about 681 acres from the corporate limits of the town of Clearfield, in Davis county. The case was tried to the court, who made findings in favor of the petitioners and rendered a decree granting the severance. In accordance with the statute in such cases made and provided, the court appointed commissioners to adjust the terms of the severance, who reported to the court that chiefly on stipulation of the parties concerned the segregated district should pay nothing further to the town and should not be subject to town taxes for the year 1925; that the town should pay nothing to the segregated district and should retain exclusive title to its assets and acquired water rights and assume all liabilities, or, in other words, that neither side should pay to the other anything. The report was approved by the court and a decree of segregation entered. The town appeals.

The court, in substance, found, as alleged in the petition, that the district sought to be segregated was wholly agricultural land; that it is distant from 1 to 2 miles from the 4 or 5 buildings constituting the business center of the town; that it comprises land not platted for any municipal purpose and is so situated as not to render it desirable for platting;

that it contains no sidewalks or other physical evidence of inclusion in the incorporated limits of the town; that it does not receive any fire protection from the town, and is so remote as to receive no benefit from police protection; that it has ample culinary water within its own confines, having two water systems now in operation; that it is too far distant, economically, to justify inclusion within any reasonably expensive waterworks system, and that all of the town of Clearfield, except the small part comprising the 3 or 4 stores, consists almost exclusively of agricultural land.

These findings are complained of as not being sufficiently supported by the evidence. We think the complaint is not well founded. Indeed, about all of the facts found by the court were, during the trial and in open court, stipulated to by counsel for the respective parties.

In complaining of the finding that the segregated district "is wholly agricultural land," counsel but say that the land in the town is all agricultural land and there is no difference in use and occupancy between it and the lands in the district. In complaining of the finding that the segregated district "is from 1 to 2 miles from the 4 or 5 buildings constituting the business center of the town," counsel but say that a large portion of the territory within the town limits is also from 1 to 2 miles distant from the buildings referred to. In complaining of the finding that the segregated district "comprises land not platted for any municipal purpose," counsel but again say that none of the land within the town is platted and the territory sought to be segregated is just as desirable for platting as any other portion of the town. In complaining of the finding that the segregated district "contains no sidewalks or other physical evidence of inclusion within the corporate limits of the town," counsel again but say that the segregated district contains as much evidence of inclusion within the corporate limits of the town as any other portion of the town and that there were no sidewalks in any portion of the town. In complaining of the finding that the segregated district received no fire or police protection from the town, counsel again but say that no portion of the town

had as yet received fire or police protection. In complaining of the finding that the segregated district had received no municipal benefits, counsel but say that it received the same municipal benefits as any of the territory within the town. Thus counsel do not point out wherein the findings are against or are not supported by the evidence, but merely urge that the conditions and situation as found by the court with respect to the segregated district are the same as in the district or territory remaining in the corporate limits.

It is shown that the town embraces territory about 2½ miles square; that the whole of it is nothing but agricultural land, except the few buildings referred to; that all of the territory sought to be attached consisted of agricultural land and received no direct or appreciable benefit from being within the corporate limits of the town. The case, hence, is controlled, as we think, by the case of *In re Fullmer*, 92 P. 768, 33 Utah, 43.

We are of the opinion that the judgment should be affirmed, with costs.

Such is the order.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.