415 P.2d 209

**KENNECOTT COPPER CORPORATION
et al., Plaintiffs and Respondents,**

v.

**CITY OF BINGHAM CANYON, Utah,
Defendant and Appellant.**

No. 10456.

Supreme Court of Utah.

June 8, 1966.

A. M. Ferro, Ned Warnock, Critchlow,. Watson & Warnock, Salt Lake City, for appellant.

Elliott W. Evans, Parsons, Behle, Evans. & Latimer, S. N. Cornwall, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City,. for respondent.

McDONOUGH, Justice.

The plaintiff, Kennecott Copper Corporation, seeks to have a large portion of the City of Bingham Canyon disconnected from the city limits pursuant to Secs. 10–4–1 and 10–4–2, U.C.A.1953. Pursuant to a plenary hearing on the matter the District Court granted the petition and the City appealed.

Sec. 10–4–1 of U.C.A. (1953) provides:

*"Disconnection by petition to district court.*—Whenever a majority of the real property owners in territory within and lying upon the borders of any incorporated city or town shall file with the clerk of the district court of the county in which such territory lies a petition praying that such territory be disconnected therefrom, and such petition sets forth reasons why such territory should be disconnected from such incorporated city or town and is accompanied with a map or plat of the territory sought to be disconnected, and designates no more than five persons who are empowered to act for such petitioners in such proceedings, the court shall cause a notice of the filing of the same to be served upon said city or town in the same manner as a summons in a civil action, and * * * Issue shall be joined and the cause tried as provided for the trial of civil causes as nearly as may be. * * *"

Sec. 10–4–2 of U.C.A. (1953) provides:

*"Court commissioners to adjust terms.*— If the court finds that the petition was signed by a majority of the real property owners of the territory concerned and that the allegations of the petition are true and that *justice and equity* require that such territory or any part thereof should be disconnected from such city or town, it shall appoint three disinterested persons as commissioners to adjust the terms upon which such part shall be so severed as to any liabilities of such city or town that have accrued during the connection of such part with the corporation, and as to the mutual property rights of the city or town and the territory to be detached." (Emphasis added.)

■ In considering whether justice and equity warrant the order of severance from the City it is appropriate to examine the following questions: The extent of any special benefits the property in question will lose by the disconnection; and conversely what will be the effect upon the city, including whether it is necessary for use in relation to its present and future needs.[1]

---

1. Howard v. Town of North Salt Lake, 7 Utah 2d 278, 323 P.2d 261; In re Chief Consolidated Mining Co., et al., 71 Utah 430, 266 P. 1044; In re Smithfield City, 70 Utah 564, 568, 262 P. 105 (1927); In re Fullmer, 33 Utah 43, 46, 92 P. 768.

The Utah Copper Mine, operated by the plaintiff, is reputed to be the largest open pit copper mine in the world and employs several thousand persons. It is an interesting anomaly that the mine first gave birth to the City and supported it for several decades and that by its continued expansion has now all but swallowed the City up physically. The plaintiff now owns all of the property within the original city limits except 14 pieces. The City has decreased in population from 3200 in 1930 to 74 people in 1966. The petition to disconnect relates to about 90% of the original city which consisted of 324 acres. This will leave only approximately 30 acres within the city limits, the majority of which is still owned by the plaintiff Kennecott. In the disconnected area there are no dwellings, no inhabitants, and there is no reasonable prospect of any such use in the future. The City has heretofore furnished police and fire protection, waste and garbage collection, sewage disposal facilities, and has maintained roads and streets. The plaintiff contends that because no one lives in that area there will be no disadvantage to the loss of these services;[2] and that the necessary extension of its mining operations has been seriously hampered because of various factors, including the City's requirements relating to zoning regulations and construction permits.

The principal objection the City has to the disconnection is that it will lose various sales and use taxes, estimated at about $28,000 a year, which will then go to other units of government. In relation to this matter it is interesting to note that the City has a present surplus in its treasury of $98,000 and there is little likelihood that any property tax would be levied against the city property owners in the near future. With these facts before it the lower court held that there was not an interdependent relationship between the property in question and the City of such a nature as to warrant a denial of the petition for disconnection.

With respect to the services herein mentioned which have been rendered to the area in question, without going into each in detail it can be said that they are either no longer necessary at all, or that adequate substitutes exist and the discontinuance of such services will effect some economies for both plaintiff and defendant. The plaintiff will have to provide for itself whatever of such services it still needs. Under an agreement which remains in effect plaintiff will continue to provide the City with water.

In regard to the issue as to what constitutes justice and equity relating to

2. Id.

proceedings for disconnection from the City, this court in the case of In re Chief Consolidated Mining Company, et al.,[3] stated:

"The facts in each case, under well recognized principles of law, must, to a very large extent, determine that question."

The determination of the facts upon which resolution of the issue is predicated is primarily for the trial court. The loss of sales and use taxes is not in and of itself sufficient to justify denial of the petition for disconnection.[4] In this instance that court concluded that whatever benefits would result from the denial of the petition were outweighed by the advantages to be gained by granting it, which justified the judgment it rendered in favor of the plaintiff. Under traditional rules of review that judgment must not be disturbed inasmuch as it is not made to appear that it was clearly and patently erroneous.

The judgment granting the petition to disconnect from the City of Bingham is affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CROCKETT, WADE, and CALLISTER, JJ., concur.

3. In re Chief Consolidated Mining Co., et al., 71 Utah 430, 266 P. 1044.

4. Howard v. Town of North Salt Lake, 7 Utah 2d 278, 323 P.2d 261; Application of Peterson, 92 Utah 212, 66 P.2d 1195.