494 P.2d 948

**In the Matter of the Disconnection of Territory from LAYTON CITY, a municipal corporation of the State of Utah.**

**Appeal of LAYTON CITY CORPORATION.**

No. 12456.

Supreme Court of Utah.

March 8, 1972.

---

6. Richins v. Struhs, footnote 2 of the main opinion.

K. Roger Bean, Layton, for appellant.

Richard W. Giauque, Salt Lake City, for respondent.

TUCKETT, Justice:

The Layton Land Company, a partnership, commenced these proceedings in the court below seeking to disconnect 80 acres of land owned by it from Layton City. After trial was had in the lower court the court found that the petition should be granted and entered its decree disconnecting the tract of land in question.

Layton City and East Layton Town are municipalities situated in Davis County, Utah. The boundaries of the municipalities are contiguous and the petitioner herein was the owner of a tract of land consisting of 160 acres, one half of which was within the boundary of Layton City and the other half was within East Layton Town. The petitioner filed these proceedings in March 1968 pursuant to the provisions of Section 10–4–1, U.C.A.1953, claiming a right to have its tract of land disconnected from

Layton City on the basis that the City renders no substantial municipal services to the land in question; that the territory was unimproved and uninhabited; that the City would suffer no substantial loss of tax revenues nor would its municipal function be substantially affected or impaired.

At the time of pretrial some issues of fact were agreed to by the parties as follows: (1) there are no improvements or buildings upon the territory sought to be disconnected and the only road is an unimproved county road on the easterly boundary of the land; (2) Layton City provides no water, garbage service or sewer service to the territory; (3) the nearest City water line is approximately 400 feet from the boundary of the petitioner's property; (4) the City provides fire protection to the territory; (5) that the part of the petitioner's property lying outside the boundaries of the City is being developed by the petitioner and East Layton Town is providing sewer and water service to that part of the tract. The parties presented evidence bearing upon controverted issues of fact and thereafter the court rendered a decision granting the petition and ordering the disconnection of the lands in question.

These proceedings are governed by the provisions of Section 10–4–1, U.C.A.1953, which provides:

Whenever a majority of the real property owners in territory within and lying upon the borders of any incorporated city or town shall file with the clerk of the district court of the county in which such territory lies a petition praying that such territory be disconnected therefrom, and such petition sets forth reasons why such territory should be disconnected from such city or town, and is accompanied with a map or plat of the territory sought to be disconnected, and designates no more than five persons who are empowered to act for such petitioners in such proceedings, the court shall cause a notice of the filing of the same to be served upon said city or town in the same manner as a summons in a civil action, and . . . .. Issue shall be joined and the cause tried as provided for the trial of civil causes as nearly as may be . . ..

Section 10–4–2, U.C.A.1953, provides:

If the court finds that the petition was signed by a majority of the real property owners of the territory concerned and that the allegations of the petition are true and that justice and equity require that such territory or any part thereof should be disconnected from such city or town, it shall appoint three disinterested persons as commissioners . . . ..

The court made findings to the effect that topography of the petitioner's entire tract of land made it desirable that the

subject property be developed as a part of the entire parcel for residential purposes and that the territory prior to the commencement of these proceedings was unimproved and uninhabited and had not been used for other than agricultural purposes. The court also found there were no City streets, improvements or buildings within the territory and that the City supplied no substantial municipal services to the area. The court further found that the City will not suffer substantial loss of tax revenue, nor will its municipal functions be in any substantial way affected or impaired by disconnection. Based upon those findings the court concluded that justice and equity required that a decree be entered disconnecting the territory in question from Layton City.

The issue as to what constitutes justice and equity referred to in the statute is largely based upon the facts as found by the trial court.[1] The record in this case supports the findings of the court and under the traditional rules of review the judgment of that court should not be disturbed unless it is made to appear that it was clearly erroneous. The judgment of the trial court is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. In re Chief Consolidated Mining Co. et al., 71 Utah 430, 266 P. 1044; Howard v. Town of North Salt Lake, 7 Utah 2d 278, 323 P.2d 261; Kennecott Copper Corp. v. City of Bingham Canyon, 18 Utah 2d 60, 415 P.2d 209.